**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RMH Franchise Holdings, Inc., et al. | ) | Case No. 18-11092 (BLS) |
|  | ) |  |
|  | ) | (Joint Administration) |
| Debtors. | ) |  |
|  | ) | **Docket Ref. No. 131** |

**PRELIMINARY RESPONSE OF APPLEBEE'S TO THE DEBTORS' EXPEDITED
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO MAKE
POST-PETITION SEVERANCE PAYMENTS**

Dine Brand Global, Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC
(collectively, "Applebee's") for their preliminary response to the Debtors' Expedited Motion for
Entry of an Order, Pursuant to Sections 105(a), 363 and 503 of the Bankruptcy Code Authorizing
the Debtors to Make Post-Petition Severance Payments to Non-Insider Employees in Accordance
with the Debtors' Pre-Petition Severance Program (Dkt. No. 131) (the "Motion"), states as
follows:

**Preliminary Response**

1.    In paragraphs 6 and 11 of the Motion, the Debtors state they anticipate closing
"certain underperforming restaurant locations in the next approximately 30 days (collectively,
the 'Closing Locations')" and that the Debtors may "decide it is in their bests (sic) interests to
close restaurants other than the Closing Locations."

2.    It appears that the Debtors do not intend to seek Bankruptcy Court approval for
the closures (or at least they have not filed any such motion for the June 6 omnibus hearing at
this point).

3.    Given that the relevant franchise agreements require Applebee's consent for any
transfer of a restaurant or an interest in the Debtors, it is customary for franchisees seeking to

close a restaurant to seek Applebee's consent prior to doing so.  Indeed, Debtors know this process well as they previously requested Applebee's consent for the closure of certain restaurants prior to their bankruptcy petitions.

4.      There may be several locations which the Debtors contemplate closing which Applebee's would want to operate as an ongoing restaurant.  The Debtors should meet and confer with Applebee's before announcing or implementing any restaurant closures.

5.      It would clearly be in the best interest of the employees, landlords and trade suppliers for those restaurant locations for as many of the restaurants to remain in operation as possible.

6.      The Debtors owe fiduciary duties to their creditors, including all the creditors of these locations and also to Applebee's.  *Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, et al.*, 330 F.3d 548, 573 (3d Cir. 2003) (recognizing that a debtor has a fiduciary duty to maximize the value of its estate); *In re Sabine Oil & Gas Corp.*, 547 B.R. 503, 556 (Bankr. S.D.N.Y. 2016) ("Under Delaware law, directors of an insolvent entity discharge their fiduciary duties by maximizing the value of the insolvent entity for the benefit of all stakeholders, and they do not owe any specific duty to a particular constituency, creditor, or otherwise.).

7.      Unnecessary closure of restaurants would not be consistent with the Debtors' fiduciary duty to creditors.  Minimizing the number of restaurants to be closed would also minimize the amount of severance pay and rejection damage and other claims related to those locations.

8.      While Applebee's does not in general object to payment of PTO and a reasonable amount of severance for non-insider restaurant employees where a location truly has to close, Applebee's needs more specifics on the actual proposed severance pay program as adjusted after

a determination of which of the locations the Debtors propose to close actually should be closed, to evaluate its position on this particular program.

9.     Applebee's would object to payment of severance pay (after consideration of any other pre-petition payments under the Employee Wages Order (Dkt. Nos. 61 and 72) that in the aggregate exceed the $12,850 per individual wage priority under Section 507(a)(4) of the Bankruptcy Code.

## Conclusion

WHEREFORE, Applebee's requests that the relief sought in the Motion be deferred until the Debtors have conferred with Applebee's about the proposed restaurant closures and provided additional details about the proposed severance pay program.

Dated: June 4, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         tcairns@pszjlaw.com
 -and-

DENTONS US LLP
Joel Siegel (*Admitted Pro Hac Vice*)
Samuel Maizel (*Admitted Pro Hac Vice* )
601 S. Figueroa Street
Suite 2500
Los Angeles, California
Telephone: 213-623-9300
Facsimile: 213-623-9924
E-mail: joel.siegel@dentons.com
           samuel.maizel@dentons.com

3

-and-

DENTONS US LLP
Robert Richards (*Admitted Pro Hac Vice*)
Geoffrey Miller (*Admitted Pro Hac Vice*)
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
Telephone:  312-876-8000
Facsimile:  312-876-7934
E-mail:  robert.richards@dentons.com
          geoffrey.miller@dentons.com

*Counsel to Dine Brands Global Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC*

107589100\V-2

4