IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RMH FRANCHISE HOLDINGS, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11092 (BLS)<br>Jointly Administered<br><br>**Hearing Date: June 6, 2018, at 10:30 a.m.**<br>**Objections Due: June 5, 2018, at 11 a.m.**<br><br>**Related to Docket No. 131** |

**RESERVATION OF RIGHTS OF THE U.S. TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(A), 363 AND 503 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO MAKE POST-PETITION SEVERANCE PAYMENTS TO NON-INSIDER EMPLOYEES IN ACCORDANCE WITH THE DEBTORS' PRE-PETITION SEVERANCE PROGRAM**

Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned attorneys, hereby submits this Reservation of Rights to the Debtors' Motion for Entry of an Order, Pursuant to Sections 105(a), 363 and 503 of the Bankruptcy Code, Authorizing the Debtors to Make Post-Petition Severance Payments to Non-Insider Employees in Accordance with the Debtors' Pre-Petition Severance Program (Docket No. 131) (the "Motion"), and in support of that Reservation of Rights states as follows:

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and the U.S. Trustee's response.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the

U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys.,, Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion.

4. The Motion includes certain factual assertions, including that the proposed post-petition severance payments are in accordance with the Debtors' pre-petition severance program, and will not be made to any employee who is an insider of the Debtors. Counsel for the U.S. Trustee understands that, at the hearing on the Motion, the Debtors will introduce evidence in support of these assertions and other evidence relevant to the Motion. The Debtors have the burden of establishing that none of the employees who will be receiving severance are "insiders" of the Debtors, as that term is defined under §101(31) of the Bankruptcy Code, or that if they are, the requirements of section §503(c)(2) of the Code have been met. As to all non-insider employees who are to receive severance, the Debtors have the burden of establishing that the requirements of § 503(c)(3) of the Bankruptcy Code have been met. Because an evidentiary predicate is necessary to approve the relief requested in the Motion, the U.S. Trustee reserves argument on this issue until the record at the hearing is closed.

5. Counsel for the U.S. Trustee also provided comments to Debtors' counsel as to the proposed form of order on the Motion. Counsel believes that those comments have

been resolved, but to the extent they are not, the U.S. Trustee reserves the right to raise those issues at the hearing as well.

Dated: June 5, 2018
      Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**Region 3**

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)
Juliet.M.Sarkessian@usdoj.gov