IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RMH FRANCHISE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11092 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 131** |

## ORDER, PURSUANT TO SECTIONS 105(a), 363 AND 503 OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO MAKE POST-PETITION SEVERANCE PAYMENTS TO NON-INSIDER EMPLOYEES IN ACCORDANCE WITH THE DEBTORS' PRE-PETITION SEVERANCE PROGRAM

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363, and 503 of the Bankruptcy Code, authorizing, but not directing, the Debtors, to make certain post-petition severance payments to non-insider employees in accordance with the Debtors' pre-petition severance program; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order; and this Court having found that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corp. (1807); Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E., Suite 600, Atlanta, GA 30328.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:23231127.5

that such notice is adequate and no other or further notice need be given, except as otherwise set forth herein; and a hearing having been held on June 6, 2018 (the "Hearing") to consider the relief requested in the Motion; and upon the record of the Hearing, including the testimony of Mitchell S. Blocher, the Debtors' Chief Financial Officer; and all of the proceedings had before this Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 363, and 503 of the Bankruptcy Code, in connection with the Debtors' closing of the Closing Locations and any related cost-cutting measures, the Debtors are authorized, but not directed, to continue the Severance Program and make the Ordinary Course Severance Payments (including any Accrued PTO) to the Eligible Severance Employees in the ordinary course of business; *provided, however*, that: (i) the aggregate amount of Ordinary Course Severance Payments (including any Accrued PTO) paid pursuant to this Order shall not exceed $700,000 in the aggregate unless the Debtors (a) obtain the written consent of the Committee, Bank of America, N.A., as Administrative Agent, Collateral Agent and Letter of Credit Issuer (the "Agent"), and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the aggregate amount of Ordinary Course Severance Payments (including any Accrued PTO) paid pursuant to this Order to "operational employees" (as those employees were described on the record of the Hearing) shall not exceed $50,000 in the aggregate unless the Debtors obtain the written consent of the U.S. Trustee; and (iii) the Debtors shall consult with Applebee's the Committee, the Agent, and the U.S. Trustee prior to implementing any material changes to the Severance Program and the Ordinary Course Severance Payments, and (b) consult with Dine Brand Global, Inc., Applebee's Restaurants LLC and Applebee's Franchisor LLC ("Applebee's")

01:23231127.5

2

(including any Accrued PTO) paid pursuant to this Order, as such program and payments were described on the record of the Hearing.

3. The Debtors shall only make an Ordinary Course Severance Payment (including any Accrued PTO) to an Eligible Severance Employee if such employee executes a severance and release agreement (a "Severance and Release Agreement").

4. Nothing in this Order is intended or shall be deemed to constitute a ratification or ruling as to the validity or enforceability of any release contained in a Severance and Release Agreement for claims under the Fair Labor Standards Act, as amended.

5. Nothing in this Order shall be deemed to authorize the payment of any severance payments to: (i) "insiders" (as that term is defined in the Bankruptcy Code) of the Debtors or that are otherwise subject to sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code; or (ii) any employee with the title of "vice president".

6. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take all such other actions as may be necessary or appropriate to implement, effectuate, and fully perform under and in accordance with this Order.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: June 6, 2018
       Wilmington, Delaware

                                               Brendan Linehan Shannon
                                               Chief United States Bankruptcy Judge