# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ____** |

**ORDER, PURSUANT TO SECTIONS 105(a), 365(a) AND 554(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES, *NUNC PRO TUNC* TO THE REJECTION EFFECTIVE DATE**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a), 365(a) and 554(a) of the Bankruptcy Code, (i) authorizing the Debtors to (a) reject those certain unexpired leases of nonresidential real property set forth on Exhibit 1 attached hereto (collectively, the "Rejected Real Property Leases"), effective as of November 14, 2018 (the "Rejection Effective Date"), and (b) abandon, effective as of the Rejection Effective Date, any personal property of the Debtors, including, but not limited to, furniture, fixtures and equipment (collectively, the "Personal Property"), that remains, as of the Rejection Effective Date, on the applicable premises (the "Premises") that are subject to the Rejected Real Property Leases, and (ii) granting the Debtors certain related relief; and upon consideration of the Motion and all pleadings and hearings related thereto; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with the Amended

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corporation (1807); and Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E. Suite 600, Atlanta, GA 30328.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

01:23835826.1

Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors and their estates and an appropriate exercise of the Debtors' business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Real Property Leases are hereby rejected by the Debtors and their estates, with such rejection being effective as of the Rejection Effective Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining on the Premises as of the Rejection Effective Date is hereby abandoned by the Debtors and their estates, with such abandonment being effective as of the Rejection Effective Date. The Counterparties to the Rejected Real Property Leases for the Premises may dispose of any such remaining Personal Property, in their sole discretion, free and clear of all liens, claims, encumbrances and interests, and without any liability to the Debtors and their estates and any third party and without waiver of any claim such Counterparties may have against the Debtors and their estates; provided, however, that this sentence shall not apply to the Rejected Real Property Lease for 1665 W. Elliot Rd., Tempe, AZ.

4. Pursuant to that certain *Order, Pursuant to Sections 501 and 502 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1 (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 360], any claims arising out of the rejection of the Rejected Real

Property Leases must be filed on or before 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days following the entry of this Order. This Order shall be served on the Counterparties no later than five (5) days following the date hereof.

5. Nothing in this Order shall impair, prejudice, waive, or otherwise affect any rights of the Debtors or their estates with respect to any claims of the Counterparties, including, without limitation, any right of the Debtors and their estates to assert that any damages allegedly arising from the Debtors' rejection of the Rejected Real Property Leases are limited to any remedies available under any applicable termination provisions of such Rejected Real Property Leases, or that any such claims are obligations of a third party, and not those of the Debtors or their estates.

6. The rights of the Debtors and their estates to assert that the Rejected Real Property Leases rejected hereby expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtors and their estates do not waive any claims that they may have against the Counterparties, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Real Property Leases.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate, to implement and effectuate the relief granted by this Order.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. The requirements in Bankruptcy Rule 6006 and 6007 are satisfied.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
        Wilmington, Delaware

                                            Brendan Linehan Shannon
                                            United States Bankruptcy Judge

# **EXHIBIT 1**

**Rejected Real Property Leases**

| **COUNTERPARTY** | **COUNTERPARTY'S ADDRESS** | **REJECTED REAL PROPERTY LEASE**[1] |
|---|---|---|
| BlueRoad Net Lease, LLC | c/o BlueRoad Ventures, LLC<br>Attn: Sheri Dressler<br>205 North Michigan Ave., Suite 2940<br>Chicago, IL 60601<br>Email:  sdressler@blueroadventures.com | Lease Agreement for 5630 West Amarillo Blvd., Amarillo, TX (Location No. 30) |
| Brixmor Holdings 8 SPE, LLC | c/o Brixmor Property Group<br>420 Lexington Ave., 7th Floor<br>New York, NY 10170<br>Attn: Legal Department<br><br>*With a Copy to*:<br><br>Brixmor Holdings 8 SPE, LLC<br>c/o Brixmor Property Group<br>Two Tower Bridge<br>One Fayette Street, Suite 150<br>Consohocken, PA 19428<br>Attn: Regional Counsel<br><br>*With a Copy to*:<br>Mark.Reynolds@brixmor.com | Lease Agreement for 8565 Winton Road, Cincinnati, OH (Location No. 154) |
| PMAT Indian Springs, LLC | c/o Stirling Properties, LLC<br>109 Northpark Blvd., Suite 300<br>Covington, LA 70433<br>Attn: Ryan M. Juneau<br>Facsimile:  (985) 898-2077<br>Email: rjuneau@stirlingprop.com | Lease Agreement for 3169 Princeton Road, Hamilton, OH (Location No. 169) |
| Unified Investors-Niki II, LP | c/o The Niki Group, LLC<br>11720 El Camino Real, Suite 250<br>San Diego, CA 92130<br>Facsimile:  (858) 720-1147<br>Email: Matt@thenikigroup.com<br>          Genevieve@TheNikiGroup.com | Lease Agreement for 1665 W. Elliot Rd., Tempe, AZ (Location No. 124) |

---

[1]  As amended, modified or supplemented from time to time.