### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:  December 3, 2018 at 10:00 a.m. (ET)<br>Objection Deadline: November 30, 2018 at 4:00 p.m. (ET) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; (II) APPROVE CONSENSUAL ASSUMPTION DEADLINE EXTENSIONS; AND (III) FIXING OF CURE AMOUNTS WITH RESPECT THERETO

> *PARTIES TO UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY WHICH RECEIVE THIS MOTION SHOULD LOCATE THEIR RESPECTIVE NAMES, LEASES, AND CURE AMOUNTS (WHERE APPLICABLE) ON EXHIBITS 1, 2 AND 3 TO THE PROPOSED ORDER*

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (i) authorizing the Debtors to assume the unexpired leases of non-residential real property identified on Exhibits 1 and 2 to the Proposed Order (including, without limitation, any and all amendments, modifications, side letters, memoranda of understanding, documents incorporated by reference, attachments and exhibits thereto, each, an "Assumed Lease," and collectively, the "Assumed

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corporation (1807); and Contex Restaurants, Inc. (0710).  The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E. Suite 600, Atlanta, GA 30328.

Leases"),[2] (ii) approving the Debtors' entry into consensual extensions of the Assumption Deadline with the Counterparties to the Real Property Leases (each, as defined below) identified on Exhibit 3; and (iii) fixing the amounts, pursuant to section 365(b)(1) of the Bankruptcy Code, required to be paid by the Debtors to satisfy any monetary defaults arising under the Assumed Leases as the amounts identified for the Assumed Leases on Exhibits 1 and 2 to the Proposed Order (each, a "Cure Amount," and collectively, the "Cure Amounts").   In support of this Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT[3]

1.    After months of legal disputes between the Debtors and their franchisor, Dine Brands Global, Inc. and its subsidiaries Applebee's Restaurants LLC and Applebee's Franchisor LLC (collectively "Applebee's"), the Debtors and Applebee's have now resolved their differences and entered into a settlement agreement (the "Settlement Agreement") that will be incorporated into the Plan and which provides for Applebee's to, among other things, (i) support the Plan[4] or, in the event the Plan is not confirmed, (ii) support a sale of substantially all of the Debtors' assets with the Debtors' current plan sponsor serving as the stalking horse bidder.  The Settlement Agreement additionally establishes a cure payment, sets the allowed amount of Applebee's general unsecured claims, resolves Applebee's objections to confirmation of the Plan, and resolves litigation issues by and among the parties including, but not limited to, litigation pertaining to purported termination of the franchise agreements and the Debtors'

---

[2]  The inclusion in or omission from this Motion or Exhibits 1, 2 or 3 to the Proposed Order of any lease or other real property interest is not intended nor shall be deemed to constitute an admission by the Debtors and their estates that such interest is or is not an unexpired lease under applicable nonbankruptcy law.

[3]  Capitalized terms used in the Preliminary Statement shall have the meanings ascribed to them in the Motion.

[4]  The confirmation hearing with respect to Debtors' chapter 11 plan is currently scheduled to commence on November 27, 2018.

counter-claims. Simply put, the Settlement Agreement paves the way for the Debtors' exit from these chapter 11 cases.

2.      While the Debtors are optimistic they will achieve plan confirmation on or before December 4, 2018, the current Assumption Deadline (as defined below), there can be no guarantee at this point as Plan negotiations and discussions, and objections, are still being discussed, including with regards to implementing the Settlement Agreement. To preserve essential assets of the Debtors' estates, the Debtors, by this Motion, seek the entry of an order approving either the (i) assumption of certain of their non-residential real property leases or (ii) consensual extensions of the time to assume or reject certain non-residential leases to avoid a forfeiture of such leases through automatic rejection under section 364(d)(4) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory and legal predicates for the relief sought herein are sections 105 and 365 of the Bankruptcy Code and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

**A.     General Background**

5.     On May 8, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  An official committee of unsecured creditors (the "Committee") was appointed on May 24, 2018.  No request has been made for the appointment of a trustee or an examiner.

6.     On October 15, 2018, the Court entered the *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Scheduling Plan Confirmation Hearing and Approving the Form and Manner of Related Notice and Objection Procedures, (IV) Approving Solicitation Packages and Procedures and Deadlines for Soliciting, Receiving and Tabulating Votes on the Plan, and (V) Approving the Forms of Ballot and Notice to Non-Voting Plan Classes* [Docket No. 648] (the "Solicitation Order").  Among other things, the Solicitation Order approves certain procedures for the Debtors to solicit votes on the *First Amended Joint Chapter 11 Plan of Reorganization of RMH Franchise Holdings, Inc. and Its Affiliated Debtors* attached to the Disclosure Statement (as defined in the Solicitation Order) as Exhibit 2 thereto (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[5]  Pursuant to the Solicitation Order, the hearing to consider confirmation of the Plan (the "Confirmation Hearing") was scheduled for November 19, 2018.

---

[5] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

01:23846546.10

On November 8, 2018, the Debtors filed a notice adjourning the Confirmation Hearing to November 27, 2018 at 9:00 a.m. (ET).

7.        On October 29, 2018, the Debtors filed the *Notice of (I) Possible Assumption of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Amounts and (III) Deadline to Object Thereto* [Docket No. 689] (the "First Cure Schedule Notice"), and included the Assumed Leases on the Cure Schedule attached thereto.  On November 14, 2018, the Debtors filed the *Supplemental Notice of (I) Possible Assumption of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Amounts and (III) Deadline to Object Thereto* [Docket No. 773] (the "Supplemental Cure Schedule Notice, and together with the First Cure Schedule Notice, the "Cure Schedule Notice").

8.        Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of Mitchell S. Blocher in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 24].

**B.        Facts Specific to the Relief Requested**

9.        Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, an unexpired lease of non-residential real property under which a debtor is a lessee will be deemed rejected if such lease is not assumed or rejected by the debtor within the earlier of:  (i) 120 days after the petition date; and (ii) the date of the entry of an order confirming a plan.  Section 365(d)(4)(B) of the Bankruptcy Code, however, provides that the bankruptcy court may extend the 120-day period by an additional 90 days for cause upon a motion of a debtor.  Additionally, pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Debtors may negotiate with a Counterparty

(as defined below) for a consensual extension of the Assumption Deadline as it pertains to the relevant Real Property Lease.

10.    The initial 120-day deadline in these chapter 11 cases for the Debtors to assume or reject unexpired leases of non-residential real property under which one of the Debtors is a lessee was September 5, 2018.  On July 30, 2018, in accordance with section 365(d)(4)(B) of the Bankruptcy Code, the Court entered an order [Docket No. 397] (the "Extension Order") extending this deadline through and including December 4, 2018 (the "Assumption Deadline").[6] However, as noted above, the Confirmation Hearing is currently scheduled for November 27, 2018 (the "Confirmation Hearing Date").  Thus, as a result of the Confirmation Hearing Date and the provisions of section 365(d)(4)(A) of the Bankruptcy Code (i.e., that an unexpired lease of non-residential real property under which one of the Debtors is a lessee will be deemed rejected if such lease is not assumed or rejected within the earlier of the Assumption Deadline or the date of confirmation of the Plan), to the extent the Court confirms the Plan at the Confirmation Hearing, for the reasons set forth herein, it is critical that the relief requested herein be granted contemporaneously therewith.

11.    The Debtors are currently lessees under approximately 140 non-residential real property leases (collectively, the "Real Property Leases").[7]  Since the Court's entry of the Extension Order, the Debtors, with the assistance of their professional advisors, have strategically reviewed the Real Property Leases in connection with their efforts to determine whether to assume or reject such leases and to preserve and maximize the value of their estates

---

[6]    The Debtors have negotiated consensual extensions of the Assumption Deadline for each of the leases included on Exhibit 3, which shall be extended through and including the applicable extended Assumption Deadline listed on Exhibit 3 (the "Extended Assumption Deadline").

[7]    To the extent that the Debtors, subsequent to the filing of this Motion, obtain the prior written consent of additional lessors under an Assumed Lease for a further extension of the Debtors' deadline under section 365(d)(4) of the Bankruptcy Code to assume or reject such lease, the Debtors reserve the right to seek approval of such extension through the Proposed Order.

through the prosecution of these chapter 11 cases.  After completing this process, the Debtors have determined that, in an exercise of their sound business judgment, the assumption of the Assumed Leases is in the best interests of the Debtors and their estates.  Pursuant to these efforts, the Debtors have negotiated and executed a number of lease modifications.  Furthermore, the Assumed Leases included on <u>Exhibit 2</u> will only be assumed to the extent the Debtors enter into an acceptable lease modification and the Cure Amount is $0.00.

12.     In light of the December 4, 2018 Assumption Deadline, and because, as provided for in Section 6.05 of the Plan, the Debtors' assumption of any executory contracts and unexpired leases, pursuant to the Plan and the Cure Schedule, will not be effective until the Effective Date of the Plan (which could occur after December 4, 2018), the Debtors are seeking to assume the Assumed Leases.  Unless otherwise set forth on <u>Exhibits 1</u> or <u>2</u> to the Proposed Order, the Cure Amounts are the same as those set forth in the Cure Schedule Notice.

13.     The Assumed Leases are critical to the Debtors' business operations, an integral part of the reorganization proposed through the Plan, and include approximately two (2) corporate offices and 134 restaurant leases that the Debtors, after an extensive and thorough analysis, intend to operate following confirmation of the Plan (subject, in the case of Assumed Leases listed on <u>Exhibit 2</u>, to the execution of an acceptable lease modification) and, in the event a plan is not confirmed, during the period that such restaurants are marketed for sale as a going concern pursuant to section 363 of the Bankruptcy Code.  It is therefore necessary, prudent and in the best interests of the Debtors and their estates to assume the Assumed Leases.[8]

14.     Since the filing of the Plan and the Cure Schedule Notice, the Debtors have successfully negotiated and executed the Settlement Agreement with (i) Applebee's and

---

[8]  The Debtors presently intend to reject the active restaurant leases not included in either <u>Exhibit 1</u>, <u>2</u> or <u>3</u> and will be filing a motion seeking such relief.

(ii) ACON Equity Partners III, L.P., ACON Franchise Holdings, LLC and any of their affiliated entities (existing or to be created) and individuals (collectively, "ACON," and with Applebee's and the Debtors, the "Parties").  The Settlement Agreement will be incorporated into the Plan and establishes a cure payment, fixes Applebee's unsecured claims, resolves all plan objections, and resolves litigation issues by and among the Parties, including litigation surrounding purported termination and the Debtors' counter-claims..  The Settlement Agreement provides the Parties with a consensual path forward to confirm the Plan, as modified, and allows the Debtors to continue operating their restaurants on a go-forward basis.

**Relief Requested**

15.    By this Motion, the Debtors request the Court enter the Proposed Order, (i) authorizing the Debtors to assume the Assumed Leases, (ii) approving consensual extensions of certain Assumption Deadlines, and (iii) fixing the Cure Amounts.

**Basis For Relief**

**A.    The Debtors' Assumption of the Assumed Leases Represents
a Sound Exercise of the Debtors' Business Judgment**

16.    Section 365(a) of the Bankruptcy Code permits a debtor-in-possession, "subject to the court's approval, [to] assume or reject any executory contract or unexpired lease of the debtor."   11 U.S.C. § 365(a).   By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those contracts that benefit the estate, and to reject those that are of no value to, or that are burdensome to, the estate.   See, e.g., In re Whitcomb & Keller Mortgage Co., 715 F.2d 375, 379 (7th Cir. 1983);  In re Sandman Assocs., L.L.C., 251 B.R. 473, 480 (W.D. Va. 2000) ("The authority granted by section 365 allows the trustee or debtor in possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not.").

17.     It is well established in the Third Circuit, as well as in other jurisdictions, that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor.  Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 40 (3d Cir. 1989);  NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Federal Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994).  Accordingly, courts approve the assumption of an unexpired lease unless evidence is presented that the debtor's decision to assume or reject "was so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."  In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).  Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration.  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1986).

18.     The Debtors' decision to assume the Assumed Leases is supported by their sound business judgment.  Based on their review of the Assumed Leases, the Debtors have determined that the Assumed Leases are necessary to their business operations and are beneficial to their reorganization efforts.  The Debtors' entry into the Settlement Agreement provides the Debtors with a consensual path towards a reorganization supported by Applebee's and ACON, allowing the Debtors to operate their business at the locations subject to the Assumed Leases moving forward.

19.      The Debtors have determined that the Assumed Leases on <u>Exhibit 2</u> require an acceptable lease modification.  Absent an acceptable lease modification, those leases will not be assumed by the Debtors.  The Debtors, through Hilco, attempted to obtain consensual extensions of the deadline under section 365(d)(4) of the Bankruptcy Code for such leases, but were unsuccessful.  Given the Confirmation Hearing Date of November 27, 2018, if the Debtors are denied the ability to assume the Assumed Leases at this time, the leases will be deemed rejected by operation of section 365(d)(4) of the Bankruptcy Code.

20.      Rejection of the Assumed Leases would be detrimental to the Debtors' business operations and their reorganization efforts.  The Assumed Leases are integral to the Debtors' operation of their franchise restaurant locations.  As a result, the Assumed Leases are critical to the Debtors' business operations and their successful emergence from these chapter 11 cases.  Particularly in light of the Settlement Agreement, rejection of the Assumed Leases under these circumstances would jeopardize the Debtors' business operations and their chapter 11 reorganization efforts, to the detriment of the Debtors, their estates and creditors.  On the other hand, by assuming the Assumed Leases, the Debtors are able to maintain these critical real property leases, which are on terms that are beneficial to the Debtors and their estates.  Further, the Debtors will be able to avoid the significant costs necessarily associated with, among other things, operating the Debtors' business and preserving and maximizing the value of the Debtors' estates without the benefit of continued access to the real property that is the subject of the Assumed Leases, *i.e.*, the Debtors' restaurant locations.

**B.      The Cure Amounts Comply With the Requirements
of Section 365(b)(1) of the Bankruptcy Code**

21.      Pursuant to section 365(b)(1) of the Bankruptcy Code, the debtor may not assume an executory contract or unexpired lease unless, at the time of assumption, the debtor

(1) cures or provides adequate assurance that it will promptly cure any defaults under such contract or lease; and (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary losses resulting from such defaults.   See 11 U.S.C. § 365(b)(1)(A)-(B).   See also Cinicola v. Scharffenberger, 248 F.3d 110, 119 (3d Cir. 2001) (holding that 365(b) requires prompt cure of any default under an unexpired lease before the debtor can assume such lease); L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.), 209 F.3d 291, 298 (3d Cir. 2000) (requiring a debtor-in-possession to cure defaults under lease agreement before assumption).

22.     The Debtors believe that, under the requirements of section 365(b)(1) of the Bankruptcy Code, the Cure Amounts are appropriate in connection with their proposed assumption of the Assumed Leases, and the Cure Amounts are the same amounts that are provided for on the Cure Schedule recently filed with the Cure Schedule Notice, except as otherwise listed herein.   The Cure Amounts represent the amounts, if any, owed under the Assumed Leases to the counterparties to such leases (each, a "Counterparty," and collectively, the "Counterparties") as of the filing of this Motion, as the Debtors, consistent with section 365(d)(3) of the Bankruptcy Code, have substantially performed their undisputed post-petition obligations under the Assumed Leases.

23.     If a Counterparty objects (a "Cure Objection") to the Cure Amount for its Assumed Lease, the Debtors propose that the Counterparty shall file and serve an objection to this Motion, in writing, setting forth with specificity any and all cure obligations that the Counterparty asserts must be cured or satisfied in respect of the Assumed Lease, together with all documentation supporting such Cure Objection.   For the convenience of the Counterparties and the Court, to the

extent that a Counterparty has filed an objection to the Cure Schedule Notice, the Debtors will consider that an objection to this Motion.

24.     Also, the Debtors request that in the event that no Cure Objection is timely filed with respect to an Assumed Lease, the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors (as defined in the Plan). In addition, if no timely Cure Objection is filed with respect to an Assumed Lease, upon entry of the Proposed Order, the Debtors shall enjoy all of the rights and benefits under the Assumed Lease without the necessity of obtaining any party's written consent to the Debtors' assumption of such Assumed Lease, and such Counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of the Assumed Lease.

**C.      The Debtors Have Provided Adequate Assurance
         of Future Performance Under the Assumed Leases**

25.     Under section 365(b)(1) of the Bankruptcy Code, if there has been a default in an unexpired lease, a debtor may not assume such unexpired lease unless, at the time of assumption, the debtor provides adequate assurance of future performance under such lease. See 11 U.S.C. § 365(b)(1)(C).

26.     The Debtors submit that, to the extent necessary, they have provided ample assurance of their future performance under the Assumed Leases, as the Debtors have substantially performed their undisputed post-petition obligations under the Assumed Leases since the Petition Date.  As demonstrated by the financial projections filed with the Plan, the Debtors have sufficient liquidity to meet these obligations.  Alternatively, if the Debtors are forced to pursue a sale process, the Assumed Leases will be critical.  Additionally, the Settlement

Agreement provides both the Debtors and the Counterparties assurance that there will be no impediment to the Debtors' operation of their business at each of the premises subject to the Assumed Leases.  As a result, in assuming the Assumed Leases, the Debtors have determined that the Assumed Leases are necessary to their business operations and beneficial to their reorganization efforts and/or successful emergence from chapter 11 protection.  Accordingly, the Debtors' continued performance under the Assumed Leases, including those listed on <u>Exhibit 2</u>, subject to necessary lease modifications, is necessarily contemplated in the Debtors' business plan moving forward.

27.    In light of the foregoing, the Debtors submit that, to the extent necessary, more than sufficient evidence exists to demonstrate that the Counterparties are adequately assured of the Debtors' future performance under the Assumed Leases.

**D.    The Extended Assumption Deadlines Were
Consensually Entered Into With the Counterparties**

28.    Pursuant to section 365(d)(4) of the Bankruptcy Code, the debtor must assume leases prior to the earlier of (i) 120 days after the filing of the petitions for relief and (ii) entry of an order confirming a chapter 11 plan.  This deadline may only be extended, pursuant to section 365(d)(4)(B) of the Bankruptcy Code, (i) for 90 days upon a showing of cause or (ii) thereafter, only upon prior written consent of the relevant landlord counterparty. The Debtors extended the initial assumption deadline until December 4, 2018.  The Debtors have obtained the prior written consent of each of the Counterparties to the leases included on <u>Exhibit 3</u> to extend the Assumption Deadline through and including the relevant Extended Assumption Deadline.  Extending the Assumption Deadline, as provided for herein, is in the best interests of the Debtors, their estates, and their creditors, as it will allow the Debtors to continue reviewing

their options and potentially negotiating lease modifications, without prejudice to the Counterparties who have consented to such relief.

**E.      To the Extent Applicable to the Proposed Order,
         Relief from the 14-Day Stay Is Appropriate**

29.      Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).

30.      To the extent applicable to the Proposed Order, the Debtors submit that there is sufficient justification here for a waiver of the 14-day stay, as it will allow the Debtors to assume the Assumed Leases in a timely and efficient manner and, more importantly, ensure that the Debtors are able to do so in accordance with the applicable deadline under section 365(d)(4) of the Bankruptcy Code.  Therefore, to the extent applicable, the 14-day stay set forth in Bankruptcy Rule 6004(h) should be waived.  Such a waiver will benefit the Debtors, their estates and creditors, and no party in interest, including the Counterparties, will be prejudiced thereby.

<u>**Reservation of Rights**</u>

31.      The inclusion of an Assumed Lease or the fixing of a Cure Amount herein is without prejudice to the rights of the Debtors and their estates to modify the Debtors' election to assume such Assumed Lease or to modify such Cure Amount prior to the entry of the Proposed Order, and inclusion of an Assumed Lease in this Motion or on <u>Exhibit 1</u> or <u>2</u> is not a final determination that such Assumed Lease will, in fact, be assumed.

<u>**Notice**</u>

32.      Notice of this Motion has been provided to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Bank of America, N.A., as Administrative Agent and Letter of Creditor Issuer; (iii) counsel to the Committee; (iv) the

Counterparties and their counsel, if known; and (v) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request the Court enter the Proposed Order, (i) authorizing the Debtors to assume the Assumed Leases, (ii) approving the consensual extensions of the Assumption Deadline for those leases included on Exhibit 3, (iii) fixing the Cure Amounts, and (iv) granting such other and further relief to the Debtors as is just and proper.

Dated:    November 20, 2018            YOUNG CONAWAY STARGATT & TAYLOR, LLP
          Wilmington, Delaware

*/s/ M. Blake Cleary*
M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Kenneth J. Enos (No. 4544)
Robert F. Poppiti, Jr. (No. 5052)
Jordan E. Sazant (No. 6515)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1256

*Counsel for the Debtors and Debtors in Possession*