**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 899** |

**NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF RMH FRANCHISE HOLDINGS, INC. AND ITS AFFILIATED DEBTORS, AS MODIFIED AND CERTAIN DEADLINES RELATED THERETO**

**PLEASE TAKE NOTICE** that, on December 13, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order under Section 1129 of the Bankruptcy Code and Rule 3020 of the Bankruptcy Rules Confirming the First Amended Joint Chapter 11 Plan of Reorganization of RMH Franchise Holdings, Inc. and Its Affiliated Debtors, as Amended* [Docket No. 899] (the "Confirmation Order") confirming the *First Amended Joint Chapter 11 Plan of Reorganization of RMH Franchise Holdings, Inc. and Its Affiliated Debtors, as Amended* (as confirmed, the "Plan")[2] [Docket No. 899-A] proposed by the above-captioned debtors in possession (collectively, the "Debtors"). **You were previously served notice of confirmation of the Plan.**

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on **December 21, 2018**.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order, the Plan, and all other documents incorporated therein are available for inspection at the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, between the hours of 8:00 a.m. to 4:00 p.m. (Prevailing Eastern Time). Copies of the Confirmation Order, the Plan, or other documents incorporated therein, can also be accessed free of charge (i) at the case-specific website for the Chapter 11 Cases maintained by the Debtors' claims, noticing and solicitation agent, Prime Clerk LLC, at https://cases.primeclerk.com/rmh/, by clicking on the link on the right-hand side of the page titled "Plan & Disclosure Statement," or (ii) upon request made to counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Shane M. Reil, Esq., (302) 571-6600 (phone) or (302) 571-1253 (facsimile). You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: www.deb.uscourts.gov.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corporation (1807); and Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E. Suite 600, Atlanta, GA 30328.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan. A copy of the Plan is attached to the Confirmation Order as Exhibit A.

01:23918660.4

## ADMINISTRATIVE BAR DATE

**PLEASE TAKE FURTHER NOTICE** that any holder of an Administrative Claim, other than: (i) a Professional Claim, including any claim of Mastodon for services performed and expenses incurred in connection with its retention order entered in the Chapter 11 Cases, appearing at Docket No. 381; (ii) claims of GlassRatner for services performed and expenses incurred in accordance with its retention order entered in these Chapter 11 Cases at Docket No. 376; (iii) an Administrative Claim filed with the Bankruptcy Court prior to the Effective Date that has not been adjudicated by the Bankruptcy Court; (iv) an Administrative Claim that has been Allowed on or before the Effective Date; (v) claims of a governmental unit (as defined in section 101(27) of the Bankruptcy Code) not required to be filed pursuant to section 503(b)(1)(D) of the Bankruptcy Code; or (vi) a claim for U.S. Trustee Fees, must submit to the Claims and Solicitation Agent a request for such Administrative Claim so as to be received by **5:00 p.m. (prevailing Eastern Time) on January 22, 2019**. Such request must include at a minimum: (a) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (b) the name of the holder of the Administrative Claim; (c) the amount of the Administrative Claim; (d) the basis of the Administrative Claim; and (e) all supporting documentation for the Administrative Claims.

**ABSENT FURTHER ORDER OF THE BANKRUPTCY COURT, FAILURE TO FILE AND SERVE SUCH REQUEST TIMELY AND PROPERLY SHALL RESULT IN THE UNDERLYING ADMINISTRATIVE CLAIM BEING FOREVER BARRED AND UNABLE TO COLLECT FROM THE ASSETS OF THE DEBTORS OR REORGANIZED DEBTORS.**

## PROFESSIONAL CLAIMS BAR DATE

**PLEASE TAKE FURTHER NOTICE** that all Professional Claims must be filed with the Bankruptcy Court and served on (i) the Reorganized Debtors and their counsel; (ii) the U.S. Trustee; (iii) counsel to the Committee; (iv) counsel to the Administrative Agent; and (v) all other parties required to be served pursuant to the Interim Compensation Order, **no later than February 4, 2019**.

**ABSENT FURTHER BANKRUPTCY COURT ORDER, FAILURE TO FILE AND SERVE FINAL FEE APPLICATIONS TIMELY AND PROPERLY SHALL RESULT IN THE UNDERLYING PROFESSIONAL CLAIMS BEING FOREVER BARRED AND UNABLE TO COLLECT FROM THE ASSETS OF THE DEBTORS AND REORGANIZED DEBTORS.**

**PLEASE TAKE FURTHER NOTICE** that objections to Professional Claims, if any, must be filed and served on the party asserting the objectionable Professional Claim and each of the parties to be served with a Professional Claim under paragraph 38 of the Confirmation Order no later than **thirty (30) days after the filing of the Professional Claim or such other date as may be established by the Bankruptcy Court.**

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise expressly provided in (i) the Plan Supplement, or (ii) any other filing made prior to entry of the Confirmation Order, all Executory Contracts, including, but not limited to, the Applebee's Assumed Contracts, of the Debtors not subject to a pending motion to reject, rejected by prior order of the Bankruptcy Court, or by the Confirmation Order (other than insurance policies, which shall be treated in accordance with Section 6.02 of the Plan) shall be assumed as of the Effective Date in accordance with, and subject to the provisions and requirements of, sections 365 and 1123 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise ordered by the Bankruptcy Court, any party that failed to object to the applicable Cure Amount listed on the Cure Schedule within seven (7) calendar days before the Confirmation Hearing, shall be forever barred, estopped and enjoined from disputing the Cure Amount set forth on the Cure Schedule (including a Cure Amount of $0.00) and/or from asserting any Claim against the Debtors or Reorganized Debtors arising under section 365(b)(1) of the Bankruptcy Code, except as set forth on the Cure Schedule. Except to the extent that less favorable treatment has been agreed to by the non-Debtor party or parties to each such executory contract or unexpired lease, any monetary defaults arising under each executory contract and unexpired lease to be assumed pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash on the later of thirty (30) days after: (i) the Effective Date; or (ii) the date on which any Cure Dispute relating to such Cure Amount has been resolved (either consensually or through judicial decision).

**PLEASE TAKE FURTHER NOTICE** that, in the event of a dispute (each, a "Cure Dispute") regarding: (i) the Cure Amount; (ii) the ability of the Reorganized Debtors to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assumed; or (iii) any other matter pertaining to the proposed assumption, the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order resolving such Cure Dispute and approving the assumption. Subject to the terms of the Confirmation Order, to the extent the Cure Dispute is resolved or determined unfavorably to the Debtors or the Reorganized Debtors, as applicable, the Debtors or the Reorganized Debtors, as applicable, may reject the applicable executory contract or unexpired lease after such determination.

**PLEASE TAKE FURTHER NOTICE** that any Claims arising out of the rejection of any Executory Contract pursuant to the Plan must be filed and served no later than **January 22, 2019.** Holders of any Claim not filed within such time will be forever barred from asserting such Claim against the Debtors, the Reorganized Debtors, the Estates, or their respective successors or their respective property, unless otherwise ordered by the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court or specified in the Plan, all Claims arising from the rejection of Executory Contracts under the Plan shall be treated as General Unsecured Claims under this Plan unless the holder of such Claim elects to be treated as a Convenience Claim in accordance with the terms of the Plan.

| | |
|---|---|
| Dated:  Wilmington, Delaware<br>December 21, 2018 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Matthew B. Lunn*<br>James L. Patton, Jr. (No. 2202)<br>M. Blake Cleary (No. 3614)<br>Matthew B. Lunn (No. 4119)<br>Kenneth J. Enos (No. 4544)<br>Robert F. Poppiti, Jr. (No. 5052)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1256<br><br>*Counsel for the Debtors and Debtors in Possession* |